**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT of GEORGIA**

ROBERT McKINNON, III,
FDC# U21741,

Case No.:_____

5: 22cv204 -TKW/MJF

PROVIDED TO
HOLMES CI

SEP 08 2022 RM3

FOR MAILING .

    **Plaintiff**

**v.**

BRYAN COUNTY, GEORGIA SHERIFF DEPUTY #1
BRYAN COUNTY, GEORGIA SHERIFF SERGEANT HATFIELD (DEPUTY #2),
BRYAN COUNTY, GEORGIA SUPERIOR COURT MAGISTRATE SNYDER

    **Defendants**

**CV422   262**

## I.   Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action? Yes ___ No ✔

If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.   Parties to this previous lawsuit:

        Plaintiffs: _____

        _____

        Defendants: _____

        _____

    2. Court (if federal court, name the district, if state curt, name the county):_____

    3. Docket number:_____

    4. Name of judge assigned to case:_____

    5. Disposition (for example, was the case dismissed? Appealed? Is still pending?):_____

    6.   Approximate date of filing lawsuit:_____

FILED USDC FLND TL
SEP 14 '22 PM2:52

7.    Approximate date of disposition:_____

8.    Were you allowed to proceed *in forma pauperis* (without prepayment of fees)?

B.    While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action? Yes ✓ No___

If your answer to B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to previous lawsuit:

Plaintiffs:        ROBERT McKINNON, III

Defendants:    William P. Cervone, Alachua County, FL.
                State Attorney

2.    Court (name the district): U.S. Dist. Court – Northern Dist. Of Fla. (Gainesville Div.)

3.    Docket number: Unknown

4.    Name of judge assigned to case:
      Magistrate Judge Gary R. Jones

5.    Disposition: (for example, was the case dismissed? Appealed? Is still pending?):Dismissed for Failure to state a claim.

6.    Approximate date of filing lawsuit: <u>Unknown</u>

7.    Approximate date of disposition: <u>Unknown</u>

8.    Were you allowed to proceed in forma pauperis (without prepayment of fees)? Yes.

2

C.      As to any lawsuit filed in federal court where you were allowed to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim? Yes ✓ No__

        1. If your answer to C is yes, name the court and docket number for each case:
                U.S. Dist. Court – Northern Dist. Of Fla. (Gainesville Div.)
                Docket Number Unknown.

**II.      Place of present confinement**: Holmes Correctional Inst.
(Bonifay, FL)

        A.      Is there a prisoner grievance procedure in this institution? Yes ✓ No___

        B.      Did you present the facts relating to your complaint to the appropriate grievance committee?      Yes ___  No ✓

        C. If your answer to B is yes:

        1. What steps did you take?

_____
              _____

        2. What was the result?

_____
_____
_____
_____

        3. Did you appeal any adverse decision to the highest level possible in the administrative procedure?Yes ___ No ___

        If yes, what was the result? _____

        D.      If you did not utilize the prison grievance procedure, explain why not: Foregoing complaint does not relate to claims of illegal conditions of confinement as other typical proceedings.

**III.      Parties**

        (In Item A below, list your name as plaintiff and current address. Provide the name and address of any additional plaintiffs on an attached sheet.)

A. Name of plaintiff:          ROBERT McKINNON, III
                               3142 Thomas Drive
                               Bonifay, Florida 32425

        (In item B below, list the defendant's full name, position, place of employment, and current address:  Provide the same information for any additional defendants in item C below.)

B. Name of defendant:     BRYAN COUNTY, GA SHERIFF DEPUTY #1
   Position:              Dept. of the County Jail
   Place of Employment:  Bryan County Sheriff's Office
   Current Address:       51 North Courthouse Street
                          Pembroke, GA 31321
C. Additional defendants:

                Bryan County, GA Sheriff Sergeant
Hatfield (Deputy #2)
                County Jail Booking Sergeant
                Bryan County Sheriff's Office
                51 North Courthouse Street
                Pembroke, GA 31321


D. Additional defendants:

                Bryan County Superior Court
Magistrate Snyder
Civil Officer
                Bryan County Courthouse
                51 North Courthouse Street
                Pembroke, GA 31321

**IV.**                      **NOTICE TO COURT**

The following information is not basis for filing instant complaint, but is

necessary to show this Court the events that commenced rise of the status quo:

On March 14, 2010, the plaintiff, Robert McKinnon, III (*hereafter referred

to as McKinnon*), located his youngest son Mother (*Angela Simmons. Hereafter*

4

referred to as *Simmons*) at Motel with black male (*Simmons other boyfriend*) and her cousin.

On March 14, 2010 while at aforementioned Motel, McKinnon told Simmons that he would be reconciling with his wife, getting full custody of his son, and McKinnon also took possession of his car from Simmons.

On March 15, 2010 while McKinnon was at his sister Latoya house in Ocala, FL, Simmons carjacked McKinnon at gun point and drove off in his car at a high rate of speed. On March 15, 2010, McKinnon reported aforementioned armed carjacking to Ocala Police Department (*hereafter referred to as OPD*).

On March 24, 2010, McKinnon traveled to Georgia to appear at A.M. court hearing for traffic citation.

On March 24, 2010, Simmons, her new boyfriend, and her cousin committed armed Robbery of the Golden Buddha restaurant located in Gainesville, FL. The owners of the Golden Buddha restaurant did not call 911 to report the Robbery.

On or about April 1, 2010, Simmons contacted Citrus County, FL Sheriffs Sergeant Justin Faerra (*Simmons was confidential informant for Citrus County Sheriffs Office*) and told him about March 24, 2010 Robbery. Simmons falsely accused [McKinnon] of allegedly committing Robbery and she verified that McKinnon would have May 19, 2010 court hearing in Georgia.

On or about April 1, 2010, Citrus County, FL Sheriffs Sergeant Justin Faerra (*Former Gainesville, FL Police Department (GPD) Officer*) contacted GPD and forwarded aforementioned info that Simmons told him about the Robbery.

On or about April 1, 2010, GPD commenced database search on McKinnon and found **(1)** McKinnon former Ocala, FL address, **(2)** McKinnon March 15, 2010 report to OPD about Armed Carjacking, and **(3)** McKinnon court date for arraignment hearing at Marion County, FL Courthouse on April 13, 2010.

On April 7, 2010, GPD created the following affidavits: **(1)** Sworn Complaint, **(2)** Failure to Appear Bench Warrant, and **(3)** Fugitive Arrest Warrant. GPD injected the aforementioned affidavits with exhausted arrest warrant number **01-2009-CF-001293-A** and its counterpart (**01-2010-CF-001293-A**), which belonged to inmate (*Gregory Bernard Epps*) already in custody at Alachua County, FL jail.

On April 13, 2010, McKinnon appeared at court hearing in Marion County, FL courthouse. McKinnon was not arrested at April 13, 2010 court hearing, nor after that court hearing.

GPD did not have probable cause to arrest McKinnon, so they contacted U.S. Marshal Service Fugitive apprehension team and told them about their case issues and McKinnon May 19, 2010 court hearing in GEORGIA. GPD asked U.S. Marshal Service to detain McKinnon after his May 19, 2010 court hearing in GEORGIA, in hopes that that process would flush out location of Simmons. U.S. Marshal Service agreed to GPD request and contacted Bryan County, GA Sheriffs Office (*hereafter referred to as BCSO*) to brief them on the situation and request their assistance detaining McKinnon on May 19, 2010. BCSO agreed to detain McKinnon on May 19, 2010.

6

To bolster agreement with BCSO, GPD told them that although they had no probable cause, nor active arrest warrant for McKinnon, they (*GPD*) would FAX BCSO a fugitive arrest warrant affidavit as insurance policy, just in case things went wrong, BCSO could assert viable defense, as it relates to their reliance on legitimacy of faxed affidavit.

On May 12/13, 2010 without probable cause and without active arrest warrant, former Alachua County, FL State Attorney William P. Cervone filed criminal information against McKinnon, which charged him with Robbery with a Firearm (*Count I*), Aggravated Assault with a deadly weapon (*Count II*), and Simple Battery (*Count III*).

---

**V.**        **Statement of Facts and Statement of Claims**

State here as briefly as possible the FACTS in your case. Describe how each defendant is personally involved in the depriving you of your rights. You must include relevant times, dates, places, and names of witnesses. **DO NOT GIVE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attached extra sheets if necessary.)

A.                    **STATEMENT OF FACTS**

On the morning of May 19, 2010, the Plaintiff Robert McKinnon, III (*hereafter referred to as McKinnon*) arrived at the Bryan County, Georgia (*GA*) courthouse in Pembroke, to appear at arraignment hearing.

On the morning of May 19, 2010, the Bryan County Sheriffs Office (*BCSO*) received a FAX from Alachua County, Florida Sheriffs Office (*Gainesville, Florida Police Department (GPD) convinced Sheriffs Office employee Marie Davis to send FAX*). The aforementioned FAX was an affidavit titled as Fugitive Arrest Warrant, corresponding to arrest warrant number **01-2009-CF-001293-A** and its counterpart **(01-2010-CF-0012393-A)**. The Fugitive Arrest Warrant was issued on April 7, 2010 and alleged that on March 24, 2010, [McKinnon] allegedly committed Armed Robbery and Aggravated Battery at Golden Buddha Restaurant, located in Gainesville, Florida.

After appearing at May 19, 2010 court hearing, McKinnon was arrested directly outside of the courtroom by BCSO Deputy #1. BCSO Deputy #1 told McKinnon he had a Federal hold.  BCSO Deputy #1 commenced false arrest against McKinnon, the arrest was without probable cause, it was without arguable plausible probable cause, and it was without active arrest warrant.

After False arrest, McKinnon was transported to the Bryan County, GA jail and placed into a holding cell. For several hours, McKinnon sat in that holding cell, and then all of a sudden he was taken into an interview room to talk to unknown federal agent. The federal agent was a United States Marshall. The United States Marshall told McKinnon that they were only trying to locate

McKinnon son's mother (*Angela Simmons*). McKinnon gave the United States Marshall Simmons location and asked him to make sure that his son was picked up by his grandmother. The United States Marshall told McKinnon that Alachua County, Florida said they had a warrant for his arrest, which involved a Robbery. McKinnon told the United States Marshal that he knew nothing about any Robbery. The United States Marshal left the interview room. Moments later, McKinnon was taken back to holding cell.

On May 19, 2010, after a few more hours of waiting in the holding cell, McKinnon requested BCSO Sergeant Hatfield (*Deputy #2*), whom was County jail booking Sergeant, to check the Florida Department of Law Enforcement (*FDLE*) Website to ascertain whether he had any active arrest warrants. A few hours later, BCSO Sergeant Hatfield (*Deputy #2*) told McKinnon that FDLE Website revealed that he did not have any active arrest warrants (**See Attachment: Letter from Florida Department of Law Enforcement**), nor did McKinnon have any active arrest warrants nationwide, because BCSO Sergeant Hatfield (*Deputy #2*) had also ran McKinnon name through National Criminal Information Check (*NCIC*) system and received negative results. Nevertheless, BCSO Sergeant Hatfield (*Deputy #2*) still did not release McKinnon from custody.

False arrest and False Imprisonment committed against McKinnon by BCSO Deputy #1 and BCSO Sergeant Hatfield (*Deputy #2*) began suppression tactic through receiving assistance from Civil Officer (*Magistrate Snyder*) of Bryan County, Georgia Superior Court. To witness:

9

On May 20, 2010, Bryan County, Georgia Superior Court Magistrate Snyder appeared before McKinnon within Bryan County, Georgia jail with extradition documents, for purpose of signing waiver (*to convince McKinnon to sign waiver, Magistrate Snyder stated to McKinnon, "if the matter temporarily remained in Georgia, there would be no bond"*) or requesting Governor's Warrant to challenge extradition to Alachua County, Florida. McKinnon believed that BCSO and Magistrate Snyder would never release him from custody, so under duress, he signed May 20, 2010 waiver of extradition to Alachua County, Florida, to obtain his freedom therein.

BCSO Sergeant Hatfield (*Deputy #2*) False Imprisonment against McKinnon incorporated conspiracy and civil rights violations during end of May 2010. Wherein, BCSO Sergeant Hatfield (*Deputy #2*) passed off custody of McKinnon to agents acting for Alachua County, Florida. McKinnon was transported over Georgia State line into Florida, while she personally knew that no active arrest warrant existed for McKinnon.

Alachua County, Florida April 7, 2010 arrest warrant number **01-2009-CF-001293-A** and its counterpart (**01-2010-CF-001293-A**) is exhausted arrest warrant number, which belongs to Gregory Bernard Epps, whom was actually in custody within the Alachua County, Florida jail while GPD were utilizing his exhausted arrest warrant number.

**See Attachment: Eight Judicial Circuit Court (Alachua County, Florida) stipulated motion to release Gregory Bernard Epps: Page(s) 1 (See counterpart at 01-2010-CF-001293-A) and 2 (See 01-2009-CF-001293-A).**

On June 1, 2010, McKinnon arrived at Alachua County, Florida jail and became the victim of a Malicious Prosecution.

During some later month in 2010, the Bryan County, Georgia Superior Court issued non-extraditable Failure to Appear Bench Warrant against McKinnon for failing to appear (*BCSO and Magistrate Snyder caused Failure to Appear*) at court hearing therein.

**B.**                      **STATEMENT OF CLAIMS**

**(1)**   Bryan County, GA Sheriff Deputy #1 May 19, 2010 arresting of McKinnon without active arrest warrant constitutes conspiracy under 18 U.S.C. §241, violation of civil rights under 18 U.S.C. §242, and a False Arrest, in violation of Search/Seizure under 4th Amendment of the U.S. Constitution.

**(2)**   Bryan County, GA Sheriff Sergeant Hatfield (*Deputy #2*) failure to immediately release McKinnon from custody after receiving negative results from her May 19, 2010 Florida Department of Law Enforcement and National Criminal Information Check inquiry into active arrest warrants, constitutes conspiracy under 18 U.S.C. §241, violation of civil rights under 18 U.S.C. §242, and False-Imprisonment, in violation of Search/Seizure under 4th Amendment of the U.S. Constitution.

**(3)**   Bryan County, GA Sheriff Sergeant Hatfield (*Deputy #2*) relinquishing of custody of McKinnon to agents acting for Alachua County, Florida, to be transported over Georgia State line, into Alachua County, FL during end of May 2010, constitutes conspiracy under 18 U.S.C. §241, violation of Civil Rights

under 18 U.S.C. §242, and False Imprisonment, in violation of Search/Seizure under 4th Amendment of the U.S. Constitution.

**(4)**    The Statement of Facts in the instant complaint, while believed to be true, compels this Court to activate Equitable Estoppel as defensive doctrine to prevent Defendants from taking unfair advantage of McKinnon, when through False Language and Conduct, Defendants induced McKinnon to act in a certain way, which resulted in injury. Failure to activate aforementioned doctrine constitutes violations of McKinnon's 4th and 14th Amendment rights of the U.S. Constitution.

**(5)**    The Statement of Facts in the instant complaint, while believed to be true, compels this Court to activate Continuing Violation as defensive doctrine to prevent Defendants from taking unfair advantage of McKinnon, when False Imprisonment continued by means of extension to agents acting for Alachua County, FL, during end of May 2010, when they arrived at Bryan County, GA. Jail to receive custody of McKinnon. Failure to activate aforementioned doctrine constitutes violations of McKinnon's 4th and 14th Amendment rights of the U.S. Constitution.

**RELIEF REQUESTED**

Declaratory statement requiring **(1)** BCSO to Cease and Desist in any actions that involve arresting anyone on the basis of a Federal Hold, with no active arrest warrant, and **(2)** Compensate Robert McKinnon, III $5,000,000.00 in damages for committing Conspiracy, Civil Rights Violations, False Arrest, and False Imprisonment against him.


**I, declare under penalty of perjury that the foregoing is true and correct. Signed this** 8th **day of** September **, 20** 22 **.**

**Prisoner No.** U21741

Robert McKinnon, III
**(Signature of Plaintiff)**

13

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## INMATE REQUEST

Mail Number: _____
Team Number: **3**
Institution: **Holmes CI**

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☑ Classification  ☐ Security | ☐ Medical  ☐ Mental Health | ☐ Dental  ☑ Other **Ms. CARTER** |
|---|---|---|---|---|

| FROM: | Inmate Name **Robert McKinnon III** | DC Number **U21741** | Quarters **B2-108-up** | Job Assignment **F/M Barber** | Date **7/18/22** |

**REQUEST**                                    Check here if this is an informal grievance ☐

Greetings Ms. Carter. I'M Aware of your Training with the Florida Department of Law Enforcement, As it Relates to your particular access to their system. Therefore, Requesting that you commence search into FDLE database to obtain An 2010 Arrest Warrant issued for me out of Alachua county, Florida. Please Attach your documented Results of such search to this Request! Thank you.

**See Public Record Receipt** — Sincerely And Respectfully,
of FDLE 2014 correspondence
stating that No Active Arrest Warrant          RM3
existed out of Alachua county in 2010.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): **Robert McKinnon III** | DC#: **U21741**   **RECEIVED**

**DO NOT WRITE BELOW THIS LINE**   JUL 29 2022

**RESPONSE**         DATE RECEIVED: HOLMES CI CLASSIFICATION DEPT

I don't see any warrants for you out of Alachua County. You don't get these searches.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): **Carter** | Official (Signature): _____ | Date: **8-2-22**

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

IN THE CIRCUIT COURT FOR THE EITHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY, FLORIDA
FELONY DIVISION I

STATE OF FLORIDA,
        Plaintiff,

vs.                                          CASE NO.: 01-2010-CF-001293-A

GREGORY BERNARD EPPS,
        Defendant.

_____/

## STIPULATED MOTION FOR RELEASE ON OWN RECOGNIZANCE WITH SPECIAL CONDITIONS

COMES NOW, the Defendant, GREGORY BERNARD EPPS, by and through undersigned counsel, pursuant to Fla.R.Crim.P. 3.131, and respectfully moves this Honorable Court to release Defendant on recognizance with special conditions. The State of Florida stipulates to this motion. As grounds for this motion, Defendant, states as follows:

1. The Defendant was rearrested on August 13, 2009 for his failure to appear at Case Management Conference. The amount of bond is currently $15,000.00. The Defendant is indigent and cannot afford the bond. The Defendant is charged by Information with Possession of Cocaine, a third degree felony.

2. The Defendant was a resident at Park Meadows Rehabilitation Facility at the time of the missed court event and was unable to attend court due to a medical illness. The Defendant provided a letter to the court with supporting documentation from Park Meadows on August 14, 2009.

3. If released, the Defendant would continue to reside at Park Meadows at 3250 SW 41st Place, Gainesville, Florida. Park Meadows has agreed to transport the Defendant to all of his upcoming court events.

4. The Defendant would abide by any pretrial release conditions set by the court, including, but not limited to, a curfew and electronic monitoring.

5. The State of Florida does not object and stipulates to this Motion.

65



Motion for Recognizance Release
St v. GREGORY BERNARD EPPS, Case No.: 01-2009-CF-001293-A                    Page 2 of 2

**WHEREFORE**, the Defendant prays this Honorable Court release Defendant on recognizance with the special condition that he reside at Park Meadows Rehabilitation Facility until further order of the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery to: Byron Flagg, Assistant State Attorney, 120 W. University Avenue, Gainesville, FL 32601 this 6th day of August, 2010.

Respectfully submitted,

Evelyn Sapp
Assistant Regional Counsel
P.O. Box 1109
Gainesville, FL 32602
Ph: (352) 377-0567
Fl. Bar No.: 0272507

Georgia Uniform Traffic Citation, Summons and Accusation — Bryan County Sheriff's Department (Court Copy)

B-(1)

SCANNED

## State Attorney's Office
### Request For Additional Information

Date: 07/20/2011

To:

Requestor: LUA J. MELLMAN
120 WEST UNIVERSITY AVENUE
GAINESVILLE, FL 32601
(352) 374-3670

Reply To:  CHRISTMASA@SAO8.ORG

Date Needed: JULY 30, 2011

Defendant: MCKINNON, III, ROBERT
Race: B Sex: M DOB: 01/23/1983
Court Number: 01-2010-CF-001293-A
Agency Report: GPD10-5766
LEO Name: JEFFREY D. NORDBERG
Off Date: 03/24/2010
Charge: ROBBERY WITH A FIREARM

**911**
911 Call Sheet
911 Audio

**Additional Comments:**

*Our audio is kept one year to the date, therefore we no longer have the audio for this incident. Lisa Godwin 264-0001*

E-(1)

53

**CASE SUPPLEMENTAL REPORT**

Printed: 06/02/2010 11:13

Robert McKinnion 10CF 1293A1B

*Gainesville Police Department*                                                    OCA: 0210005766

Daniela Simmons

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| | | |
|---|---|---|
| Case Status: *SWORN COMPLAINT* | Case Mng Status: *DETECTIVE ARREST* | Occured: 03/24/2010 |
| Offense: *ROBBERY (ARMED)* | | |

| | |
|---|---|
| Investigator: *NORDBERG, J. D. (0129)* | Date / Time: *05/04/2010 13:41:29, Tuesday* |
| Supervisor: *FORSBERG, P. D. (0078)* | Supervisor Review Date / Time: *05/04/2010 14:58:25, Tuesday* |
| Contact: | Reference: Follow Up |

CR# 10-005766
Armed Robbery/Aggravated Battery
Date: 04-13-10

On 03-24-10, at approximately 2210 hours, Ofc. S.E. Jones # 765 patrol officer, responded to the Golden Budda, 613 NW 16th Ave. reference an armed robbery.
Victim Van Boc advised that he had just turned off the outside lights for the night and was beginning the process of cleaning up. Victim Boc, Victim Fang Su, and the cook (Chung Wang) were in the kitchen. Victim Su was closest to the entrance of the kitchen with her back to the door. No other patrons were inside the restaurant at the time. VI Boc was facing south and observed an unknown black male suspect enter the business through the back door (south side of the building).

The suspect quickly pulled a black semi auto handgun from the left side of his waist band with his right hand. The gun was inside a bag, which was clearly visible protruding from the waistband as well. The suspect grabbed Victim Su by the shoulder, placed the gun to the back of her head and bent her over, towards the ground. Victim Boc intervened and attempted to separate the two of them. The suspect pushed Victim Su to the ground and then shoved Victim Boc and turned towards the cash register. The suspect then grabbed the register and violently swung the register towards the door releasing the power cord from the wall. The suspect then exited the business the same way he entered, and ran south on foot. The suspect dropped the white bag which contained the black semi auto handgun. The suspect was described as a black male possibly between 20-30 years of age and possibly had some facial hair, more likely unshaven instead of a beard or mustache.

GPD patrol set perimeters and identified Randy Berta as a potential witness who resides in the area of the Golden Budda. At the time of the robbery, Witness Berta was walking his dog and provided the following: Witness Berta observed a dark, Green vehicle, possibly 1990-1999 year, being driven by a black female circling the block two times as if she was looking for something or someone. The black female waved at Witness Berta and came to a stop at NW 15th Ave and NW 6th St. Witness Berta observed a B/M with a large build walking south from the Golden Budda driveway located just north of NW 15th Ave and NW 6th St. The B/M was walking carrying a cash register in his arms and was talking on his cell phone. While observing the above, Witness Berta entered into his cell phone the description of the vehicle as a 4dr vehicle, older, dark green in color, chrome hub-caps with one missing from the left rear. Witness Berta observed the suspect put the cash register in the back seat of the described vehicle and then enter the passenger side. The same black female then drove the vehicle north on NW 7th St and turned left (west) onto NW 16th Ave. departing the area. Victim Berta observed the rear of the vehicle and entered into his cellular telephone tag# BJA7631 and recorded the state as possibly Oregon (White with black lettering).

Investigation was conducted regarding Oregon tag BJA7631 : As a result, no record was found for the tag in the state

*r_supp3*                                                                                     *Pag*

A-(1)

55

**CASE SUPPLEMENTAL REPORT**                          Printed: 06/02/2010  11:13

*Gainesville Police Department*                           OCA: *0210005766*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *SWORN COMPLAINT*      Case Mng Status: *DETECTIVE ARREST*      Occured: *03/24/2010*

Offense: *ROBBERY (ARMED)*

Investigator: *NORDBERG, J. D. (0129)*                   Date / Time: *05/04/2010 13:41:29, Tuesday*

Supervisor: *FORSBERG, P. D. (0078)*                    Supervisor Review Date / Time: *05/04/2010 14:58:25, Tuesday*

Contact:                                                 Reference: *Follow Up*

of Oregon. A registration was found for the same tag from the state of Georgia. The tag is registered as follows: Issued 12-17-2009 and valid thru 01-23-2011.VIN: 2G1WL52M7S9335840, 1995, Chevrolet, Lumina, 4S, Green. Registered to Robert McKinnon III, 01-23-83, 190 Camellia St., Richmond Hill, Ga.

I conducted investigation into Robert McKinnon III which resulted in the following:
Robert McKinnon III, B/M, DOB: 01-23-83, 7794 NE 21st Ave, Ocala, Fl. had a Florida Drivers License issued on 05-22-08. McKinnon was run in numerous data bases and as a result the following was established. McKinnon has an on again off again girlfriend relationship with an Angela Nicole Simmons, B/F, DOB: 09-15-88. On 03-15-10, McKinnon III reported to Ocala, Fl. Police Department that Simmons stole his vehicle which he described as a 1994, Green, Chevrolet Lumina bearing a Georgia tag, but that he couldn't remember the tag number. McKinnon stated he would get the correct paperwork for the vehicle and come in the following day and make a report. It is believed that this did not occur. This occurred at 706 NE 27th St. Ocala, Fl. McKinnon has family members in the Ocala area and has history in the Citrus County Area. Simmons has history in Dunnellon and Ocala area. Based on all the above, I compiled a photo spread consisting of six photos with one being the photo of Angela Simmons, B/F, DOB: 09-15-88. I compiled another photo spread consisting of six photos with one being the photo of Robert McKinnon III, B/M, DOB: 01-23-83.

On 04-01-10, I met with Witness Randy Berta. I showed the witness the photo spreads separately. Witness Berta chose the photo and positively identified Angela Simmons, B/F, DOB: 09-15-88, as the B/F he saw driving the suspect vehicle described in paragraph 3. Witness Berta chose the photo and positively identified Robert McKinnon III, B/M, DOB: 01-23-83 as the suspect he observed carrying the cash register and putting it in the suspect vehicle and then departing. On 04-01-10, I placed the photo spread identifying Simmons into evidence as item 129-2. On the same date, I placed the photo spread identifying McKinnon III into evidence as item 129-3.

The victim's were interviewed and were unable to choose the suspect from the photo spread. The victims feared for their lives during the incident and just tried to comply with the suspect's demands.

Approximately $200.00 in cash was contained in the cash register and is what was reported as stolen during the robbery.

On 04-06-10, I provided ASA Lee Libby two arrest affidavits charging McKinnon III and Simmons with Robbery with a Firearm and False Imprisonment. ASA Libby requested the second charge be changed to Aggravated Battery from False Imprisonment. I made the changes. On 04-07-10, I obtained the arrest warrants from the SAO and then met with Judge Leta McDonald. Judge McDonald signed the below described warrants.

Robert McKinnon III, B/M, DOB: 01/23/83: Robbery W/Firearm, Aggravated Battery, $100,000. NSTA Bond on each

*Supplements [Edit]*                                                     Page 2

A-(2)

SCANNED

## CASE SUPPLEMENTAL REPORT

Printed: 06/02/2010 11:13

*Guinesville Police Department*

OCA: *0210005766*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| | | |
|---|---|---|
| Case Status: *SWORN COMPLAINT* | Case Mng Status: *DETECTIVE ARREST* | Occured: *03/24/2010* |
| Offense: *ROBBERY (ARMED)* | | |

Investigator: *NORDBERG, J. D. (0129)*         Date / Time: *05/04/2010 13:41:29, Tuesday*

Supervisor: *FORSBERG, P. D. (0078)*         Supervisor Review Date / Time: *05/04/2010 14:58:25, Tuesday*

Contact:         Reference: *Follow Up*

count, Warrant # 2010-CF-1293-A.

Angela Nicole Simmons, B/F, DOB: 09/15/88: Robbery W/Firearm, Aggravated Battery, $100,000. NSTA Bond on each count, Warrant # 2010-CF-1294-A.

I then clerked the warrant into the County Clerk's Office. At my request "Bill" telephoned ASO and had the warrants entered into FCIC/NCIC. It is suspected that McKinnon III and Simmons are located out of county.

I provided a photo copy of the arrest affidavits to the SAO. I then returned to GPD and logged into GPD records a photo copy of the arrest affidavits "Sworn Complaints". I then requested via Crime Analysis that Analyst S. Tripathi update the BOLO for McKinnon and Simmons as wanted. I also requested Analyst S. Tripathi send the information to the Marion County Sheriffs Office to be issued by them.

On Tuesday, 04-13-10, I met with Detective Bill Quirk (GPD-CID) a member of the U.S Marshals Florida Regional Fugitive Task Force. I provided Detective Quirk information and potential locations for OF McKinnon and OF Simmons that would assist in the apprehension stage of the case. As of the writing of this case, both OF McKinnon and OF Simmons were still wanted on the warrants stemming from this case (Armed Robbery/Aggravated Battery). OF Simmons has additional warrants from Citrus County for Contempt of Court/ no bond and Fraudulent checks non-extraditable from Georgia.

The only other matter is the processing of the bag dropped at the scene that contained the firearm. This request has been submitted. I added McKinnon III and Angela Simmons as OF to the original report. All other matters are resolved. The case should be closed.

DAW
Robert McKinnon III
Angela Simmons
Date: 04-13-10

A-(3)

57

**CASE SUPPLEMENTAL REPORT**

Printed: 06/15/2010 10:08

Robert McKinnon 10CF1293A
Gainesville Police Department Angela Simmons JUN 16 2010      OCA: *0210005766*

| | | |
|---|---|---|
| Case Status: *SWORN COMPLAINT* | Case Mag Status: *DETECTIVE ARREST* | Occured: *03/24/2010* |
| Offense: *ROBBERY-(ARMED)* | | |

Investigator: *NORDBERG, J. D. (0129)*          Date / Time: *05/24/2010 16:24:40, Monday*
Supervisor: *FORSBERG, P. D. (0078)*          Supervisor Review Date / Time: *05/27/2010 13:30:35, Thursday*
     Contact:                    Reference: *Follow Up*

CR #: 10-005766
CRIME: Armed Robbery/Aggravated Battery
DATE: 05-24-10

Since the robbery, I have continued to conduct follow up. Refer to my supplemental report dated 04-13-10. This report documents the development of probable cause and obtaining arrest warrants for OF Angela Simmons and OF Robert McKinnon III for Armed Robbery and Aggravated Battery. After the arrest warrants were issued I provided Detective Bill Quirk with information on OF Simmons and OF McKinnon III. Detective Quirk is a member of the United States Marshals Florida Regional Fugitive Task Force and as part of his assignment has fugitive apprehension duties. Detective Quirk began follow up into the apprehension stage of the case.

On Wednesday, 05-19-10, I received a telephone call from Detective Bill Quirk. Detective Quirk advised that they had arrested McKinnon III in Georgia. Additionally, that they received a lead from the McKinnon III arrest that led them to arresting Simmons in Gainesville at 2626 NW 12th Ave. I was informed that OF Simmons was at GPD. I responded to GPD. I found OF Simmons in an interview room talking with Sgt. Ray Barber another member of the aforementioned task force. The interview room DVD recording system had been activated.

On the same date, Detective Courtnay Roberts and I entered the interview room and interviewed OF Simmons. I read OF Simmons her rights via a card. OF Simmons acknowledged her rights and gave a statement. The following is a synopsis of the interview. The first part of the interview was basic questions and medical history. OF Simmons stated she was on Seraquil for depression. I learned later, OF Simmons was also a diabetic and on insulin. Later, EMS was called to examine OF Simmons as she got sick in the interview room. OF Simmons vitals were good and sugar levels were at 90. OF Simmons does suffer from Claustrophobia and got sick when the interview room door was shut for a short time. I placed the DVD recording of the interview into evidence as item 129-5.

Angela Nicole Simmons
B/F, DOB: ███████
███████
Dunnellon, Fl.
███████

OF Simmons stated her and OF Robert McKinnon III had a long time relationship and have a one year old son named Javon Maleek McKinnon. Approximately 3 months prior (later stated sometime in March 2010) OF McKinnon III got out of the Marion County Jail and located OF Simmons in Dunnellon. OF Simmons, OF McKinnon III and their son departed for Georgia in OF McKinnon III's vehicle described as a blue/green Lumina bearing a Georgia tag. While en route they stopped in Gainesville because of car problems. The group went to an auto part store described as being by Checker's on NW 13th St. Once there; OF McKinnon III befriended IO Fred Schroeder who rented a bedroom to OF

SCANNED

90

**CASE SUPPLEMENTAL REPORT**                    Printed: 06/15/2010 10:08

*Gainesville Police Department*                          OCA: *0210005766*

| | |
|---|---|
| Case Status: *SWORN COMPLAINT* | Case Mng Status: *DETECTIVE ARREST*   Occured: *03/24/2010* |
| Offense: *ROBBERY (ARMED)* | |

Investigator: NORDBERG, J. D. (0129)                    Date / Time: *05/24/2010 16:24:40, Monday*

Supervisor: FORSBERG, P. D. (0078)                      Supervisor Review Date / Time: *05/27/2010 13:30:35, Thursday*

Contact:                                                 Reference: *Follow Up*

---

Simmons and OF McKinnon III at 2626 NW 12th Ave.
OF Simmons then began to give an account unprovoked about the Buda robbery occurring on Wednesday, 03-24-10, at approximately 2155 hours. OF Simmons was not clear on the date, but gave specific information that only someone knowing about the robbery could give.

OF McKinnon III while in Georgia purchased a black/silver automatic handgun from an unknown person from the newspaper. The handgun was for OF Simmons for protection while she visited her mother in Dunnellon. Three days prior to the Buda robbery OF McKinnon III asked OF Simmons where the handgun was at. OF Simmons would not tell OF McKinnon III where the gun was located. On the date, of the robbery, OF Simmons went with OF McKinnon III driving his green Lumina. OF Simmons gave several accounts of driving the vehicle and having knowledge that OF McKinnon III was going to rob something. OF Simmons admitted to placing an order for rice at the Budha restaurant prior to the robbery. OF Simmons went into the restaurant and tried to purchase the rice, but did not have enough money. OF Simmons exited the restaurant and got back into the vehicle and drove off. OF Simmons telephoned the restaurant again and told them to hold the rice they were going to get money. OF McKinnon III then instructed OF Simmons to drive back to the restaurant where OF Simmons dropped OF McKinnon III off. OF McKinnon III was in possession of the handgun and got out of the vehicle. OF Simmons stayed in the area and picked OF McKinnon III who was now in possession of the cash register. After the robbery, OF Simmons drove away a short distance and then stopped where OF McKinnon took over the driving. They stopped at a nearby Citgo where OF McKinnon III got out. OF Simmons did not know if OF McKinnon III made a purchase or what the reason for the stop was. They then went to the residence at 2626 NW 12th Ave. OF McKinnon III did not tell OF Simmons the details concerning the robbery which occurred inside the restaurant.

OF McKinnon III opened the cash register and was very upset that there was only $50.00 approximately taken in the robbery. OF Simmons stated that OF McKinnon III discarded the cash register in the woods near the residence at 2626 NW 12th Ave.

OF Simmons statement was consistent with the facts of the robbery. OF Simmons statement indicated that OF McKinnon III actually was armed and committed the robbery. I showed a Florida Drivers license photo of McKinnon III to OF Simmons. OF Simmons confirmed that this was in fact the Robert McKinnon III she referred to in her statement. OF Simmons description of the suspect vehicle is consistent with the original description of the suspect vehicle. VI Van Boc remembered just prior to the robbery a B/F entering the business to make a purchase, but did not because she did not have enough money and then called the business back.

OF Simmons admitted that the gun used in the robbery was still at the residence. I filled out a consent to search form (Bedroom at 2626 NW 12TH Ave.) (129-4) which OF Simmons signed. ~~Detective Sergeant Roberts, Sgt. Paul~~ ~~████████████████████████████████~~ and I went to the address. Once there, at our request Inv. Mark

*Supplements [Edit]*                                                              Page 2

C-(a)

SCANNED

*ᾱ \\*

## CASE SUPPLEMENTAL REPORT

Printed: 06/15/2010 10:08

*Gainesville Police Department*

OCA: **0210005766**

THE INFORMATION BELOW IS CONFIDENTIAL FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *SWORN COMPLAINT*          Case Mng Status: *DETECTIVE ARREST*          Occured: *03/24/2010*

Offense: *ROBBERY (ARMED)*

Investigator: *NORDBERG, J. D. (0129)*               Date / Time: *05/24/2010 16:24:40, Monday*

Supervisor: *FORSBERG, P. D. (0078)*               Supervisor Review Date / Time: *05/27/2010 13:30:35, Thursday*

Contact:                                             Reference: *Follow Up*

---

Woodmansee from FCU responded to process the firearm. OF Simmons went to the closet and began uncovering suitcases from clothes which were on top. OF Simmons directed Inv. Woodmansee to the firearm and three magazines. Inv. Woodmansee photographed and took possession of the firearm and magazines. Inv. Woodmansee located a cash register drawer in the woods north of the residence and this was also collected. This drawer was identified by VI Boc as the drawer from the cash register taken in the robbery. Refer to Inv. Woodmansee supplemental report for more details.

I spoke to IO Fred Schroeder the resident at 2626 NW 12th Ave. IO Schroeder confirmed that OF Robert McKinnon III, OF Angela Simmons and Javon had been staying in the bedroom at 2626 NW 12th Ave. beginning in March 2010. IO Schroeder had no knowledge of the robbery. I added IO Schroeder to the original report.

While at the residence, OF Simmons packed all her belongings and made a collection to be picked up by her mother. OF Simmons retrieved her wallet and looked through the wallet. OF Simmons stated her father had recently sent her $300.00 which was in her wallet prior to her arrest. OF Simmons reported the money gone. OF Simmons stated the persons that arrested her in the yard let her go back into the residence and check on the money. Sgt. Barber stated that OF Simmons was arrested in the yard and was not permitted to go back into the residence. OF Simmons accused IO Schroeder of taking the money. IO Schroeder denied any knowledge. The wallet containing the money had been handled and processing it was not feasible.

I then spoke on the telephone with IO Ora Johnson who came to 2626 NW 12th Ave. and took possession of the victim's property and child Javon. IO Johnson also took possession of McKinnon's property to give to his sister. I added Ora Johnson to the original report.

Ora Lee Johnson
B/F, DOB: ▮

Sgt. Barber and I then transported OF Simmons to the Alachua County Jail where she was booked in on the Armed Robbery and Aggravated Battery warrants, $100,000.00 bond on each charge. As of 05-24-10, OF Simmons is still being housed at the Alachua County jail.

The investigation continues. OF Simmons' arrest confirmed what was learned in the investigation. OF Simmons statement and cooperation directly implicated her and OF McKinnon III's involvement in the robbery. OF Simmon's statement and cooperation also assisted in the recovery of the firearm used in the robbery. OF Simmons' cooperation

---

*Supplements [Edit]*

*C-(3)*

Page 3

## CASE SUPPLEMENTAL REPORT

Printed: 06/15/2010 10:08

*Gainesville Police Department*

OCA: *0210005766*

Case Status: *SWORN COMPLAINT*          Case Mng Status: *DETECTIVE ARREST*          Occured: *03/24/2010*

Offense: *ROBBERY (ARMED)*

Investigator: *NORDBERG, J. D. (0129)*          Date / Time: *03/24/2010 16:24:40, Monday*

Supervisor: *FORSBERG, P. D. (0078)*          Supervisor Review Date / Time: *03/27/2010 13:30:35, Thursday*

Contact:          Reference: *Follow Up*

---

also assisted in the recovery of the drawer from the cash register taken in the robbery.

An interview of McKinnon III will be attempted. McKinnon III is currently being housed in the Bryan County, Georgia jail on the warrants from this case.

**SUPP**
Date: 05-24-10

*C-(4)*

Robert McKinnon, III
FDC#U21741
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Florida 32425



RECEIVED



U.S. Marshals Service
Savannah Georgia

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION

The United States Dist
Southern District of G
(Savannah Division)
Office of the Clerk
Post Office Box 8286
Savannah, Georgia 31

LEGAL MAIL

Robert McKinnon, III
FDC# U21741
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, FL 32425

SEP 1 4 2022

MAILED FROM A
CORRECTIONAL
INSTITUTION

Hasler
09/09/2022
US POSTAGE $0

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION

United States District Cou
Office of the Clerk
Attn: U.S. Dist. court Judge Mark W
111 North Adams Street
Tallahassee, Florida 32301-7