IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT MCKINNON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV422-262 |
| | ) | |
| JOHN DOE, Bryan County, GA Sheriff's Deputy, individual capacity; BRYAN COUNTY, GA SHERIFF'S DEPUTY SERGEANT HATFIELD, County Jail Booking Sergeant, individual capacity; JUDGE DARRELL SNYDER, Bryan County, GA Magistrate Court, individual capacity; and OFFICER SCOTT, Bryan County, GA, Sheriff's County Jail, individual capacity; | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**O R D E R**

Before the Court is the Magistrate Judge's December 29, 2022, Report and Recommendation (Doc. 10), to which Plaintiff Robert McKinnon, III, has filed objections (Doc. 11). After a careful review of the record,[1] the report and recommendation (Doc. 10) is

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam)) (outlining the standard of review for report and recommendations). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

**ADOPTED**, as supplemented below, as the Court's opinion in this case. Plaintiff's Amended Complaint is **DISMISSED**. (Doc. 9.) Plaintiff's remaining motions are, therefore, **DISMISSED AS MOOT**. (Docs. 12, 13, 14, 15.)

Plaintiff, proceeding pro se, filed this 42 U.S.C. § 1983 case alleging that his constitutional rights were violated during his extradition to Florida from Bryan County, Georgia in 2010. (See Doc. 10 at 3.) The Magistrate Judge screened Plaintiff's original Complaint, recommended that his claims against Judge Darrell Snyder be dismissed as barred by judicial immunity, and afforded Plaintiff an opportunity to amend his remaining claims. (See generally Doc. 7.) Plaintiff objected to that recommendation, (Doc. 8), and filed his Amended Complaint, which reasserted claims against Judge Snyder, (Doc. 9). Since the amended complaint superseded the original complaint, the Magistrate Judge vacated his prior recommendation in part. (See Doc. 10 at 2-3.) The Magistrate Judge then recommended that all of the § 1983 claims in Plaintiff's amended complaint be dismissed as time barred. (Id. at 15.) The Magistrate Judge also noted, to the extent that Plaintiff sought to assert state law claims, the Court should decline to exercise supplemental jurisdiction over them. (Id. at 16 n.4.)

Plaintiff's objection is difficult to follow. To the extent that the substance of his objections are discernable, the first appears focused on the application of the Interstate Agreement on

Detainers Act ("IAD").² (See Doc. 11 at 6 ("McKinnon abode in current limbo has permitted mutation of the Interstate Agreement on Detainers Act into Unauthorized Creation and Enforcement of law, which constitutes a Substantive Due Process Violation under the 14th Amendment of the U.S. Constitution . . . .").  "[B]ecause the IAD provides for administrative remedies in case of a violation . . . , no private right of action is implied under the statute."³ Jordan v. Cicchi, No. 08-6088(AET), 2010 WL 848809, at *11 (D.N.J. Mar. 9, 2020), aff'd in relevant part, 428 F. App'x 195, 198 (3d Cir. 2011); Jordan, 428 F. App'x at 198 ("Upon consideration of the record, for essentially the same reasons as those stated by the District Court . . . , we will affirm the District Court's disposition of the claims under the [IAD]. . . ."); see also Durham v. City of Philadelphia, No. 17-5152, 2019 WL 3202506, at *10 (E.D. Pa. July 16, 2019). Moreover,

---

² "The Interstate Agreement on Detainers (IAD) is a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." New York v. Hill, 528 U.S. 110, 111, 120 S. Ct. 659, 662, 145 L. Ed. 2d 560 (2000). "As a congressionally sanctioned interstate compact within the Compact Clause of the United States Constitution . . . , the IAD is a federal law subject to federal construction." Id. (internal quotation marks and citations omitted).
³ Plaintiff has not cited, nor has the Court found, any instance where a court has applied the contractual doctrine of equitable estoppel to the IAD as Plaintiff continues to suggest. (See Doc. 11 at 7, 9-10.) Thus, the Court rejects Plaintiff's argument on this issue. In any event, as explained above, the IAD does not provide a private right of action.

courts have held that allegations that a "conviction was obtained in violation of the [IAD] would, if true, invalidate that conviction," precluding any § 1983 claim unless and until the conviction is set aside, pursuant to the Supreme Court's opinion in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). See Smith v. District of Columbia, No. 01-7027, 2001 WL 1154425, at *1 (D.C. Cir. Aug. 6, 2001). Plaintiff does not allege that his Florida conviction has been set aside. Indeed, it appears that his request for relief under 28 U.S.C. § 2254 was denied in 2016. (See Doc. 10 at 4 n.1). Any claim arising under the IAD, therefore, fails.

In analyzing the timeliness of Plaintiff's § 1983 false arrest or false imprisonment claim, the Magistrate Judge explained that such claims accrue no later than the date when a plaintiff's detention becomes subject to legal process. (Doc. 10 at 6-7.) Therefore, Plaintiff's false arrest or false imprisonment claim accrued no later than his 2011 conviction. (See id.) Plaintiff's objection asserts that his prosecution in Florida "cannot be deemed as 'legal' process, due to that state court's complete absence of all subject matter jurisdiction over the issue . . . ." (Doc. 11 at 2.) However, even purportedly invalid process has been recognized as triggering the conclusion of a § 1983 false arrest or false imprisonment claim and the commencement of a § 1983 malicious prosecution claim. See, e.g., Carter v. Gore, 557 F.

4

App'x 904, 906 (11th Cir. 2014) (per curiam) ("The issuance of a warrant—even an invalid one . . .—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."). Moreover, as suggested above, to the extent that Plaintiff contends that his entire prosecution is invalidated by the procedural defects in his extradition, these claims would be barred under Heck.[4] 512 U.S. at 486-87, 114 S. Ct. at 2372. (holding that a § 1983 plaintiff seeking to recover damages for an unconstitutional conviction or imprisonment or "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254[]").[5]

To the extent that Plaintiff's false arrest or false imprisonment claims are not barred by Heck, the Magistrate Judge

---

[4] While the Court does not necessarily accept Plaintiff's apparent contention, to the extent that he is correct, it undermines, rather than bolsters, his claim for relief.

[5] The Court acknowledges Plaintiff's submission requesting the Court to take judicial notice of a habeas proceeding apparently initiated in Florida in December 2022. (See Doc. 12.) Whether or not the outcome of that habeas proceeding could affect the viability of some claim arising from the facts Plaintiff alleges, the pendency of such a proceeding does not. See, e.g., Gonzalez v. Rutledge, No. 1:17-cv-00387-LJO-BAM, 2017 WL 8792678, at *2 (E.D.

5

correctly concluded that they are time barred. (See Doc. 10 at 5-15.) Plaintiff asserts, somewhat confusedly, that he discovered information in 2022 which "created newly discovered evidence nexus to Government commencing of fraud against Him through utilization of Contractual Interstate Agreement on Detainers Act." (Doc. 11 at 4.) This Court has recently expressed skepticism that the statute of limitations on § 1983 false arrest or false imprisonment claims is governed by a "discovery rule." See Ballard v. Kesner, No. 4:21-cv-5, 2023 WL 1794804, at *2 (S.D. Ga. Feb. 7, 2023) ("The Court agrees with the Magistrate Judge's analysis that authority '[f]inding the discovery rule simply has no[] applicability to false arrest claims[,]' . . . is more persuasive."). If § 1983 false arrest and false imprisonment claims are not subject to a "discovery rule," then those claims accrued no later than 2011, and the two-year limitations period expired years before Plaintiff filed his case in 2022.

Plaintiff's concession, discussed by the Magistrate Judge and repeated in his objection, that a Bryan County, Georgia jail officer told him that "no active arrest warrants existed for him," is ultimately fatal to his claim. (Doc. 11 at 5; see also Doc. 10 at 13-14.) Even assuming that he is correct that a discovery rule applies to his § 1983 false arrest and false imprisonment claims,

---

Cal. Dec. 14, 2017) ("Plaintiff's pending writ . . . is not sufficient to avoid the Heck bar . . . .").

6

his concession makes clear that he knew the facts required to support those claims; he contends that he did not understand their legal significance. See, e.g., Ballard, 2023 WL 1794804, at *2 n.3. Plaintiff concedes that he knew, as early as 2010, that he was detained without any active arrest warrants. The Magistrate Judge's conclusion that his false arrest or false imprisonment claims accrued no later than his 2011 Florida conviction is, therefore, not undermined by the application of a discovery rule, even supposing such a rule applies.

Plaintiff's objection concludes by contending that "dismissal at this stage is moot where instant case requires more developed factual record, to give Defendant's et al [sic], opportunity to dispute issues of material fact as to when McKinnon should have discovered fraud . . . ." (Doc. 11 at 15.) As Justice Scalia notably quipped, "[p]ure applesauce." King v. Burwell, 576 U.S. 473, 507, 135 S. Ct. 2480, 2501, 192 L. Ed. 2d 483 (2015) (Scalia, J., dissenting). The "fraud" that Plaintiff asserts is only relevant, if it is relevant at all, to an apparently nonexistent claim under the IAD or one which, if it exists at all, is barred by Heck. To the extent that a § 1983 false arrest or false imprisonment claim could arise from the facts alleged, the

Magistrate Judge correctly concluded that such a claim was time barred.

In summary, Plaintiff's objection, (Doc. 11), is **OVERRULED**, and the Magistrate Judge's report and recommendation, (Doc. 10), is **ADOPTED**, as supplemented above, as the Court's opinion in this case. The Magistrate Judge plausibly interpreted Plaintiff's scattered allegations as asserting either a § 1983 false arrest or false imprisonment claim. He then correctly concluded that any such claim was time barred, based on Plaintiff's 2011 conviction. Plaintiff's objection does not undermine that analysis. Plaintiff's argument that such claims might be timely under a discovery rule is legally dubious and belied by his own presentation of the facts. To the extent that it insinuates a claim based on the IAD, it is not clear that such a claim is cognizable, and if there is some legal framework in which it could be asserted, it is barred under <u>Heck</u>. Accordingly, Plaintiff's amended complaint, (Doc. 9), is **DISMISSED**. His remaining motions are **DISMISSED AS MOOT**. (Docs. 12, 13, 14, 15.) The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this **6th** day of July 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA